# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | |
|---|---|
| TIMOTHY HATTEN | CIVIL ACTION NO. 2:11-cv-0103 |
| VS. | JUDGE MINALDI |
| CARL LAFARGUE, ET AL. | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

*Pro se* petitioner Timothy Hatten, an inmate confined at the U.S. Penitentiary in Lewisburg, Pennsylvania, filed this *Bivens*-type action pursuant to 28 U.S.C. § 1331 on January 11, 2011. Doc. 1. The complaint relates to incidents taking place while petitioner was incarcerated at the Federal Correctional Institute, Oakdale, Louisiana. *Id.* Petitioner charges in his complaint that he was forced to endure pain and suffering at the hands of various Bureau of Prisons staff when he was moved from unit to unit within the prison system and was beaten with excessive force on numerous occasions. *Id.*

Before the court today are two motions filed by the plaintiff, wherein he seeks an order instructing the clerk's office to specially mark all legal mail [doc. 6] and a motion for preliminary injunction [doc. 5].

### *Analysis*

1) Motion to Order Clerk Re: Mail

Plaintiff claims that the defendants have interfered with his legal mail by opening and inspecting it. Doc. 6. In a motion directed to the Clerk of Court, petitioner asks that we "make the appropriate steps necessary in informing [our] subordinate(s) in the clerk department to include "Special Mail – Open Only In the Presence Of The Prisoner [o]n all legal mail . . . ." *Id.*

In *Parker v. Department of Corrections*, No. 08-1553, 2009 WL 1402274 (W.D. La. May

1

18, 2009), this court was faced with a very similar factual scenario. In that case, the plaintiff claimed that the defendants had interfered with his legal mail. *Id.* at *6. We held that the plaintiff had

> not established that the defendants did anything more than open and inspect these envelopes for contraband, an activity which they are allowed by law to perform. *See Brewer v. Wilkinson*, 3 F.3d 816, 820-821 (5th Cir.1993).
>
> Further, to the extent that plaintiff maintains that the defendants' acts interfered with his right of access to the courts, he has also failed to state a claim. An inmate alleging denial of access to the courts must demonstrate an actual injury stemming from defendants' allegedly unconstitutional conduct. *Lewis v. Casey*, 518 U.S. 343, 351-54, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). To prevail on such a claim, a prisoner must show that his legal position has been prejudiced. *See Richardson v. McDonnell*, 841 F.2d 120, 122 (5th Cir. 1988). He must allege and ultimately demonstrate that he was prevented from raising a meritorious legal issue. *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir.1998).
>
> Plaintiff has not shown that his legal position has been prejudiced by the defendants' alleged interference with his legal mail.

*Id.* at 6-7.

Because we find that the facts and issues here are the same, we hold likewise. Nothing thus far submitted by the plaintiff indicates that his ability to litigate this claim was in any way interfered with by the defendants. *Id.* at 7.

2) <u>Motion for Preliminary Injunction</u>

In his motion for a preliminary injunction, plaintiff seeks to be "immediately removed from the Multi-Gang Member Special Management Unit Program [(SMU)] and placed back in General Population . . . ." Doc. 5, p. 2. Plaintiff claims that he was improperly removed from the general population unit, and, as a consequence of his being in the SMU, he is subjected to living in a dangerous environment with "disruptive and violent prisoners." *Id.* at p. 4. Plaintiff further claims that his placement in the SMU is part of an ongoing conspiracy against him. *Id.* at p. 5. Plaintiff alleges that prison officials have somehow made other prisoners in the SMU physically

attack and assault him with a deadly weapon while in the recreation yard. *Id.*

A party requesting a temporary restraining order or preliminary injunction must demonstrate each of the following: (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) the threatened injury must outweigh any damage that the injunction will cause to the adverse party; and (4) the injunction must not have an adverse effect on the public interest. *Women's Med. Ctr. of Northwest Houston v. Bell,* 248 F.3d 411, 419 n. 15 (5th Cir. 2001). "An injunction is an extraordinary remedy and should not issue except upon a clear showing of possible irreparable injury." *Lewis v. S.S. Baune,* 534 F.2d 1115, 1121 (5th Cir. 1976).

Here, plaintiff is not entitled to a preliminary injunction because he has not demonstrated a substantial likelihood of success on the merits. "It is well-settled that prison officials are given wide latitude in the day-to-day operations of the prison system, and the courts will not interfere unless presented with substantial evidence of patently unreasonable conduct." *Daughtry v. Denmark*, No. 08-0124, 2008 WL 4965304, *2 (S.D. Miss. Nov. 18, 2008) (citing *Bell v. Wolfish*, 441 U.S. 520, 547-48 (5th Cir. 1979)); *see also McCord v. Maggio*, 910 F.2d 1248, 1251 (5th Cir. 1990) ("Prison officials should be accorded the widest possible deference in the application of policies and practices designed to maintain security and preserve internal order."). Plaintiff's desire to be transferred from the SMU and into the General Population unit is without regard as plaintiff does not have a protected liberty interest in where he is placed. *See Meachum v. Fano,* 427 U.S. 215, 225 (1976) (a prisoner has no liberty interest in residence in one prison unit or another); *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983) (prisoners have no constitutional right to be incarcerated in a certain facility or unit); Steward v. Kelly, No. 06CV1-P-B, 2006 WL 3825236, *4 (N.D. Miss. Dec. 27, 2006) (same); Ready v. Fleming, No. 02-0056, 2002 WL 1610584, *3

(N.D. Tex. July 19, 2002) (same).

Additionally, in order to satisfy the first element, the plaintiff must demonstrate that the anticipated injury is imminent and irreparable. *Chacon v. Granata*, 515 F.2d 922, 925 (5th Cir.), *cert. denied*, 423 U.S. 930 (1975). The mere possibility of irreparable injury is insufficient; rather, the irreparable injury must be likely. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008).

Plaintiff herein has failed to make a clear showing of irreparable harm, as plaintiff points to no evidence in the record to support his allegations of being in danger. *See Basey v. Mooneyham*, 172 Fed. Appx. 582, 584 (5th Cir. Mar. 27, 2006) (denying request for injunction and prison unit transfer where no evidence in record to support plaintiff's allegation of being in "imminent danger" due to an alleged assault by prison officials); *Hines v. Cain*, No. 06, 2007 WL 891880, *14 (E.D. La. Mar. 20, 2007) (denying request for injunctive relief and transfer to another prison based on prisoner's fear of retaliation from prison officers because plaintiff's "wholly unsubstantiated allegations are the rankest form of speculation"); *Barrett v. Epps*, No. 06-0271, 2008 WL 1827449, *5 (S.D. Miss. Apr. 22, 2008) (denying a preliminary injunction where plaintiff alleged that prison officials would continue to harass and threaten him and that he would be in risk of serious bodily harm by prison guards and other inmates if not relocated to another unit, and holding that "[s]uch general allegations fall woefully short of the clear showing of irreparable harm that is required before a court may award extraordinary injunctive relief").

### *Conclusion*

As the plaintiff has failed to demonstrate the elements necessary to receive the requested injunctive relief, it is **ORDERED** that plaintiff's motion for preliminary injunction [doc. 5] be **DENIED**. Also, for the reasons laid out in the foregoing, it is further **ORDERED** that plaintiff's

4

miscellaneous motion [doc. 6] be **DENIED**.

Signed in Chambers, Lake Charles, Louisiana, on May 20, 2011.

_____
**KATHLEEN KAY**
**UNITED STATES MAGISTRATE JUDGE**